## Barbara Shedrick *v.* Daniel Shedrick
## (11832)

O'Connell, Heiman and Freedman, Js.

Argued June 9—decision released July 20, 1993

*Glen A. Canner,* with whom, on the brief, was *Paul J. Pacifico,* for the appellant (plaintiff).

*Andrew R. Tarshis,* with whom, on the brief, was *Lawrence P. Weisman,* for the appellee (defendant).

Freedman, J. The plaintiff appeals from the denial by the trial court of her request to make an order of modification of alimony retroactive to the date the motion was filed. We affirm the judgment of the trial court.

The following facts are necessary to the disposition of this appeal. The marriage of the parties was dissolved

by a judgment of the trial court on February 16, 1988. At the time of the dissolution, there were two minor children issue of the marriage, one age five and the other age three. Custody of the minor children was granted to the plaintiff. The decree of dissolution further provided in pertinent part that the defendant was to pay to the plaintiff the sum of $4000 per month as unallocated alimony and support for a period not to exceed five years from February 16, 1988. These payments were to terminate upon "the death, remarriage or cohabitation of the wife pursuant to Connecticut General Statutes § 46b-86b." Upon the termination of the payment of unallocated alimony and support for any reason, the plaintiff could then apply to the court for an appropriate order of child support.

On October 10, 1991, the order of unallocated alimony and support not having been terminated or otherwise modified, the plaintiff filed a motion seeking to modify the order alleging "a material and substantial change in the financial circumstances of the defendant" and requesting that "any modification be retroactive to the date of the filing of [the] motion." The motion contains a certification that a copy was mailed to all counsel and pro se parties of record. This motion was not heard until August 24, 1992, when the trial court granted the motion, increasing the amount of unallocated alimony and support to $10,000 per month and extending the term of payments for three years, from February 16, 1993, to February 16, 1996. All of the other original conditions relating to the order of unallocated alimony and support remained unchanged.

At the hearing on the motion, the plaintiff requested that the order be made retroactive to the date the motion was filed. The trial court denied this request concluding that it had no jurisdiction to do so "since the provision of [General Statutes] § 46b-86 (a) was not complied with."

Our Supreme Court and this court have consistently held that alimony may not be modified retroactively without express legislative authority. *Darak* v. *Darak*, 210 Conn. 462, 479, 556 A.2d 145 (1989); *Sanchione* v. *Sanchione*, 173 Conn. 397, 405, 378 A.2d 522 (1977); *Paddock* v. *Paddock*, 22 Conn. App. 367, 374, 577 A.2d 1087 (1990). This prohibition against retroactive modification is based on sound reasoning: "One reason which has been advanced by the courts is that unpaid alimony installments are in the nature of a final judgment which cannot be retroactively disturbed, and that court's right to modify the alimony decree therefore extends only to the executory portion of the order, i.e., to payments to become due in the future. . . . Of equal concern is the fact . . . that a [retroactively] modifiable alimony decree is not entitled to full faith and credit in another state's courts . . . . Yet another consideration is that trial courts asked to modify retroactively the original alimony order might well become engaged in what would essentially be appellate review of another trial court's judgment, or in 'second-guessing' another trial court. There is no need to elaborate on the confusion, uncertainty or even 'judge-shopping' that might result." (Citations omitted.) *Sanchione* v. *Sanchione*, supra, 405–406.

In 1990, however, the legislature did in fact expressly authorize retroactive modification of alimony under certain circumstances. General Statutes § 46b-86 (a)[1] was

---

[1] General Statutes § 46b-86 (a) provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of

amended by the addition of the following language: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order *from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.*" (Emphasis added.)

General Statutes § 52-50 provides in pertinent part that "[a]ll process shall be directed to a sheriff, his deputy, a constable or other proper officer authorized by statute . . . ."[2] " 'A fundamental tenet of statutory construction is that "statutes are to be considered to

less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. Modification may be made of such support order without regard to whether the order was issued before, on or after May 9, 1991. In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of any alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."

[2] "Judicial process" is defined as follows: "In a wide sense, this term may include all the acts of a court from the beginning to the end of its proceedings in a given cause; but more specifically it means the writ, summons, mandate, or other process which is used to inform the defendant of the institution of proceedings against him and to compel his appearance, in either civil or criminal cases." Black's Law Dictionary (6th Ed. 1990) 1205.

give effect to the apparent intention of the lawmaking body." ' *Verrastro* v. *Sivertsen,* 188 Conn. 213, 220, 448 A.2d 1344 (1982). When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance. *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 666, 560 A.2d 975 (1989)." *Winchester Woods Associates* v. *Planning & Zoning Commission,* 219 Conn. 303, 309–10, 592 A.2d 953 (1991); *Suprenant* v. *New Britain,* 28 Conn. App. 754, 758, 611 A.2d 941 (1992).

General Statutes § 46b-86 requires that in order to modify the periodic payment of permanent alimony and support retroactively to the date a motion seeking modification was served on the opposing party, such service must be made pursuant to § 52-50 by a sheriff, a deputy sheriff, a constable or other proper statutorily authorized officer. Merely mailing a copy to opposing counsel or the opposing party, as was done here, does not, therefore, comply with § 52-50.[3]

Through the 1990 amendment to General Statutes § 46b-86 (a), "the legislature preserved the due process rights of individual obligors to notice of their potential liability . . . ." *Turner* v. *Turner,* 219 Conn. 703, 716, 595 A.2d 297 (1991). This was done not only "[b]y limiting retroactivity to the period during which a motion for modification was pending"; id.; but by prescribing the method of providing notice. If these due

---

[3] "Postjudgment motions [to modify alimony or support orders] should generally be served on the [opposing party] by means of an order to show cause so as to provide him or her with adequate notice of the reinstitution of proceedings and to assure his or her presence in court." M. Wynn & E. Lubell, Handbook of Forms for the Connecticut Family Lawyer, p. 233 and Forms XVI-A-1a through 1d, pp. 234–38.

process rights are to be protected, then such notice to the obligor must be in strict accordance with the statutory mandate.

The judgment is affirmed.

In this opinion the other judges concurred.