[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING PLAINTIFF RULE TO SHOW CAUSE TO MODIFY CUSTODY, ALIMONY AND SUPPORT DATED NOVEMBER 5, 1993 AND CODED 132
Many of the facts that give rise to this motion are not in CT Page 1745 dispute. The marriage between the parties was dissolved on October 15, 1992 following a fully contested hearing. The court ordered the parties to have joint legal custody of their two minor children with the defendant wife having physical custody of the children and the plaintiff husband having liberal and flexible visitation with the parties alternating a holiday schedule as set forth in the decree. The plaintiff was ordered to pay to the defendant as support the sum of $212.00 per week for the minor children and was further ordered to pay to the plaintiff as alimony the sum of $50.00 per week. At the hearing before this court on February 15, 1994, the parties agreed that the existing order for joint legal custody and primary physical custody of the minor children would not be modified but that the visitation schedule regarding the minor child Robert Speed, III would be modified to provide that he would reside with the plaintiff for one week and then the defendant for one week with the parties continuing the alternating weekly schedule. The court approves that agreement and enters orders in accordance with that agreement. The plaintiff also seeks to modify both alimony and support. At the time of the dissolution between the parties the plaintiff's financial affidavit showed a net weekly income from earnings of $470.00 and the defendant's financial affidavit showed a net weekly income from earnings of $220.00. The current financial affidavit of the plaintiff shows a net weekly income from earnings of $370.00 and the defendant's current financial affidavit shows a net weekly income from earnings of $372.00. In addition, she has rental income from a barn totalling $70.00 per week.
The plaintiff's financial affidavit shows various weekly expenses. The plaintiff has remarried and his current wife had earnings in 1993 totalling approximately $30,000.00. The monthly rental at the premises he occupies with his current wife is $850.00. The real estate taxes that he shows on his affidavit is for the property he owns in Lebanon. The monthly utility bills for the premises he occupies consist of electricity in the amount of $197.00, water in the amount of $30.00 and cable in the amount of $30.00. His food bill of $110.00 per week is for himself and the two children based on the amount of time they spend with him. He estimates that his food bill for himself alone is $60.00 per week. His clothing and laundry expenses of $35.00 per week is for himself and the two children. He estimates that the clothing and laundry for himself alone is between $25.00 to $30.00 per week. The transportation expenses that he shows are for himself only. The insurance premiums that he shows consists of medical/dental in the amount of $27.00 per week. That is the premium for himself, the CT Page 1746 two minor children and his current wife. The $30.00 weekly automobile and homeowners insurance premium is for one policy that covers both the automobile and the premises that he rents. The medical/dental expense of $10.00 per week is for himself and the two children. He shows a cottage mortgage of $108.00 per week. That's for the premises that he owns in Lebanon in which he has a one-half interest. The monthly mortgage payment is $944.00.
The court finds that the plaintiff has proven a substantial change in financial circumstances and therefore reduces alimony from $50.00 per week to $25.00 per week. In determining the amount of support to be paid, the court has done the following calculations:
(1) The plaintiff's net weekly income is $370.00 from earnings.
 (2) The defendant's net weekly income from earnings is $372.00. To that the court has added the amount of alimony that is now been awarded of $25.00 per week plus the barn rental income totalling $70.00 per week. That results in a total net weekly income to the defendant of $467.00.
The combination of the plaintiff's net weekly income of $370.00 plus the defendant's net weekly income of $467.00 totals $837.00. The support guidelines would call for a total combined support obligation of $369.00 per week. The plaintiff's percentage of the combined net weekly income of the parties is .442%. which multiplied by $369.00 amounts to $163.00 per week. Thus the support guidelines would call for the plaintiff to pay to the defendant as support the sum of $163.00 per week. The plaintiff, however, claims that he should only be paying support based on one child because of the fact that the parties are alternating the weekly amount of time that the minor child Robert, III spends with each party. The support guidelines do provide deviation criteria, "criteria i shared custody arrangements" and criteria, "k significant visitation expenses." The guidelines provide that the amount of support indicated is presumed to be the appropriate level of support and then make it discretionary with the court as to whether to deviate from the guidelines if the court finds that the guidelines are inequitable or inappropriate in a particular case. In this particular case, the court does not find that the guidelines would be inequitable or inappropriate and, therefore, is not deviating from the guidelines. Accordingly, support is reduced from $212.00 per week to $163.00 per week. CT Page 1747
The file reflects that the rule to show cause to modify custody, alimony and support filed by the plaintiff was served by a sheriff upon the defendant on November 22, 1993, and the matter was assigned for hearing for November 30, 1993. General Statutes46b-86 (a) does allow the court to enter a retroactive modification order from the date of service of notice of such pending motion. See Shedrick v. Shedrick, 32 Conn. App. 147, 150 (1993). In this case the court in the exercise of its discretion is not entering a retroactive order and all orders contained herein are effective on the date this memorandum is filed.
The court further orders that the parties exchange federal and state income tax returns within fifteen days after such returns have been filed commencing with the 1993 tax returns. Such returns are to be exchanged by certified mail, return receipt or registered mail, return receipt.
Sidney Axelrod Judge of the Superior Court