[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The facts as alleged in the complaint are as follows. The defendant is the owner of property located at 4 Bayview Road, Niantic, Connecticut. Such property is located in an R-10 zone, which prohibits two-family dwellings on lots which contain less than 15,000 square feet. The plaintiff's lot is less than 15,000 square feet, but she uses the premises as a two-family dwelling.
On July 27, 1992, the plaintiff, the East Lyme Zoning Enforcement Officer, issued the defendant a cease and desist order directing the defendant to cease the use of the property as a two-family residence. On September 29, 1992, the plaintiff sent additional notices to the defendant concerning the cease and desist order. Thereafter, the defendant applied for a variance to permit the use of the premises as a two-family dwelling, which was denied on June 2, 1993. The plaintiff again requested the termination of the use of the property as a two-family dwelling, but the plaintiff has failed to comply with such requests.
On August 12, 1993, the plaintiff filed the present action seeking an injunction directing and ordering the defendant to return the dwelling to a single-family dwelling. On November 10, 1993, the defendant filed an answer and special defense alleging that the use of the property as a two-family dwelling constitutes a legal, existing, nonconforming use as defined in General Statutes 8-13a.
On November 26, 1993, the plaintiff filed a motion to strike the defendant's special defense on the ground that does not apply to illegal uses. In addition, the plaintiff filed a memorandum of law in support of his motion to strike. On December 13, 1993, the defendant filed an objection to the plaintiff's motion to strike CT Page 3355 along with a memorandum of law in support thereof.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer including any special defense contained therein Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would support a defense, the motion to strike must be denied. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The plaintiff moves to strike the defendant's special defense on the ground that General Statutes 8-13a only applies to "buildings" and does not apply to "uses" of buildings. The plaintiff argues that the dwelling itself does not violate the zoning regulations, but rather the defendant's use of the dwelling as a two-family dwelling is what violates the zoning regulations. In opposition, the defendant argues that 8-13a
protects uses that are nonconforming because of undersized lots.
General Statutes 8-13a provides, in relevant part:
 [W]hen a building is situated on a lot that violates a zoning regulation of a municipality which prescribes the minimum areas of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to . . . the area of such lot. . . .
CT Page 3356
(Emphasis added.) General Statutes 8-13a. The defendant argues that "building" encompasses the use of the building as a two-family dwelling.
"`The objective of statutory construction is to give effect to the intended purpose of the legislature. . . .'" Forsyth v. Rowe,226 Conn. 818, 828, 629 A.2d 379 (1993), quoting Rose v. Freedom of Information Commission, 221 Conn. 217, 225, 602 A.2d 1019
(1992). "`When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance.'" Shedrick v. Shedrick, 32 Conn. App. 147, 151,627 A.2d 1387 (1993), quoting Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 309-10, 592 A.2d 953 (1991). "It is the duty of the court to `interpret statutes as they are written' . . . and not `"by construction read into statutes provisions which are not clearly stated."'" (Citations omitted.) State v. Johnson, 227 Conn. 534, 542, ___ A.2d ___ (1993).
Section 8-13a clearly and unambiguously applies to buildings. "Building" is not defined under the statute. However, "`[i]n the absence of ambiguity, statutory language should be given its plain and ordinary meaning.'" Kilduff v. Adams, 219 Conn. 314,337, 593 A.2d 478 (1991), quoting Pintavalle v. Valkanos,216 Conn. 412, 416-17, 581 A.2d 1050 (1990). A "building" is defined as "[s]omething that is built; a structure, an edifice." The American Heritage Dictionary 174 (New College ed. 1976). Therefore, 8-13a applies to the residence itself and not the use of it as a two-family dwelling. Accordingly, the plaintiff's motion to strike the defendant's special defense is granted.
Austin, J.