[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Jeffrey Moorman, has moved the court to stay enforcement of a foreign judgment that the plaintiff, Linda Mahon, properly domesticated in Connecticut under the Uniform Enforcement of Foreign Judgments Act (UEFJA), Connecticut General Statutes §52-604 et seq. The defendant also moves the court to vacate an April 17, 1996, instalment payment order on the ground that the court lacked personal jurisdiction over the defendant to enter the order.
 I.
Relevant to the issues before the court are the following facts. The foreign judgment at issue was rendered in the plaintiff's favor against the defendant on October 18, 1995, by the CT Page 1563 Supreme Court of the State of New York Apparently, the defendant and his assets are located in this state; thus, the plaintiff has filed this action under the UEFJA seeking to enforce the foreign judgment against the defendant.
In order to enforce a foreign judgment under the UEFJA in the State of Connecticut, the judgment creditor must comply with the filing requirements of General Statutes § 52-605[1] In the present case, the defendant does not claim that the plaintiff failed to comply with said filing requirements. Indeed, it is apparent to the court that on January 16, 1996, the plaintiff complied with the filing requirements of § 52-605[2] Accordingly, because the plaintiff has complied with § 52-605, the New York judgment is properly domesticated, and therefore entitled to be enforced and/or satisfied in the same manner as a judgment of a court of this state. General Statutes § 52-605 (b); see also Seaboard Surety Co.v. Waterbury, 38 Conn. Sup. 468, 471, 451 A.2d 291 (App. Sess. 1980) ("The effect of § 52-605, therefore, is to establish a foreign judgment that is not obtained by default in appearance or by confession as a domestic judgment that is conclusive of the defendant's indebtedness.").
After properly domesticating the foreign judgment, on March 21, 1996, the plaintiff filed a motion for an instalment payment order seeking to compel the defendant to pay the plaintiff $500 per week until the New York judgment is satisfied in full[3] Attached to the motion for an instalment payment order was a certification by the plaintiff's attorney stating that on March 21, 1996, he mailed said motion to the defendant at his last-known Connecticut address and his Connecticut business address. On April 15, 1996, the motion for instalment payment order was heard by the court. As of said date, however, Moorman still had failed to file a formal appearance in this Connecticut enforcement action.
During the hearing on the motion, at which the defendant failed to appear, the court noted "for the record that [plaintiff's counsel] has certified that a copy of this motion for [instalment payment order] and the unsigned order was mailed to the judgment debtor Jeffrey Moorman at his resident address and his current employment address." On April 17, 1996, the court granted the plaintiff's motion and ordered the defendant to pay the plaintiff $500 weekly.
On May 23, 1996, the defendant filed a formal appearance in this enforcement action. On May 23 the defendant further filed the CT Page 1564 two motions that are now before this court. Again, in the first motion, the defendant moves the court to stay the enforcement of the foreign judgment pursuant to General Statutes § 52-606.[4] In the second motion, the defendant moves the court to vacate the April 17, 1996, instalment payment order on the ground that the court lacked personal jurisdiction to enter the order. Each motion will be addressed separately.
 II.
A. Motion to Stay Enforcement
In his first motion, the defendant moves the court to stay enforcement of the foreign judgment pursuant to General Statutes §52-606. Section 52-606 (a), the applicable provision in this case, states: "If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered." General Statutes § 52-606 (a).
Attached to the motion to stay enforcement, the defendant filed the affidavit of the attorney who represented him in the New York action that resulted in the judgment the plaintiff now seeks to enforce. In the affidavit, the attorney states under oath that he filed an appeal on the defendant's behalf from the New York judgment. Further, the affiant attests that the New York appeal remains pending. Based upon these statements, the defendant contends that pursuant to § 52-606 (a), the court must stay enforcement of the New York judgment.
In response, the plaintiff asserts that pursuant to §52-606 (a), a court shall stay the enforcement of the foreign judgment only if an appeal is pending and the judgment debtor has provided proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered. See General Statutes § 52-606 (a). Since New York is the rendering state, the plaintiff cites to § 5519 of the Civil Practice Law and Rules of New York,[5] and claims that pursuant to said section, a court shall order a stay of enforcement if the judgment debtor provides an undertaking in the sum of the judgment. The plaintiff notes that the defendant has not submitted any proof CT Page 1565 to this court that he has provided the required undertaking in New York. Therefore, the plaintiff argues that the defendant is not entitled to a stay of enforcement pursuant to § 52-606 (a).
In reply, the defendant agrees with the plaintiff that under § 52-606 (a) a court shall issue a stay of enforcement of a foreign judgment only if an appeal is pending and the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered. The defendant and the plaintiff disagree as to whether the defendant has furnished the security for the satisfaction of the judgment required by the state in which it was rendered. The defendant claims that as the facts exists today he is not required to furnish security for the satisfaction of the judgment. The defendant asserts that under New York law a judgment debtor is not required to furnish security to appeal an adverse judgment, which is all that he has done in New York. The defendant claims that under New York law a judgment debtor is only required to furnish security if the judgment debtor seeks a stay of enforcement from the New York trial court while the appeal is pending. The defendant argues that since he has never sought to stay enforcement in New York pending the appeal, New York law does not require him to furnish security. Thus, the defendant argues that since he is seeking to stay enforcement of the judgment in Connecticut under § 52-606 (a), this court must stay enforcement of the judgment because an appeal is pending and New York currently does not require the defendant to furnish security to appeal the judgment.
The court finds the defendant's interpretation of § 52-606 (a) strained. The purpose of § 52-606 is twofold: 1) to preserve the right of the judgment debtor to obtain a stay of enforcement in accordance with the laws of the rendering state; General Statutes § 52-606 (a); and, 2) to further enable the judgment debtor to obtain a stay of enforcement based upon any ground which a judgment of a court of this state would be stayed, provided the judgment debtor furnishes the same security for the satisfaction of the judgment required by Connecticut General Statutes § 52-606 (b). It is clear to this court that § 5519 of the Civil Practice Law and Rules of New York enables a judgment debtor to stay the enforcement of the judgment pending the outcome of an appeal provided that the judgment debtor has furnished an undertaking to satisfy the judgment. Accord Chase Manhattan Bank v Goldstone, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No 144986 (January 15, 1996, Dean, J., 15 Conn. L. Rptr. No 14, 472) (finding that § 5519 of the Civil Practice Law and Rules of CT Page 1566 New York requires a judgment debtor to post security in order to obtain a stay of enforcement).
Accordingly, since the defendant has neither provided this court with proof that he has provided an undertaking to pay the sum of the judgment as required under New York law,[6] nor demonstrated to this court any ground upon which a judgment of this court would be stayed, the defendant's motion for stay of execution is denied.
B. Motion to Vacate[7]
The defendant further moves the court to vacate the April 17, 1996, instalment payment order, which directs the defendant to pay the plaintiff $500.00 per week until the foreign judgment is satisfied. The defendant claims that the motion for an instalment payment order, General Statutes § 52-356d, is a postjudgment procedure as defined by General Statutes § 52-350a(15). The defendant further claims that General Statutes § 52-350e sets forth the permitted methods of service of postjudgment procedures such as a motion for an instalment payment order. The defendant contends that the plaintiff has failed to comply with any of the methods of service permitted under § 52-350e. Thus, the defendant asserts that the court lacked personal jurisdiction over the defendant to enter the instalment payment order because the plaintiff failed to comply with the service requirements of § 52-350e. Hence, the defendant argues that the instalment payment order should be vacated.
In response, the plaintiff contends that she served the defendant by a method permitted under § 52-350e, in particular, §52-350e(a)(3). Section 52-350e(a)(3) states: ". . . service of process concerning a postjudgment procedure . . . the plaintiff claims that § 52-350e(a)(3) provides that service of a motion for an instalment payment order can be made "as provided by rule of court for service on an appearing party" if such service is "made within one hundred eighty days of rendition of judgment on a party who has appeared in this action." The plaintiff contends that she complied with the requirements of § 52-350e(a)(3) First, the plaintiff asserts that, in light of the UEFJA, the Connecticut action is merely a continuation of the New York action. Therefore, the plaintiff argues that since the defendant appeared and defended the action in New York, he has appeared as a matter of law in the Connecticut enforcement phase of the New York action. Second, the plaintiff contends that when she mailed the motion for instalment payment order to the defendant at his Connecticut business and CT Page 1567 resident addresses, the motion was served as provided by rule of court for service on an appearing party, citing Practice Book § 122. Finally, the plaintiff notes that the motion was served upon the defendant within 180 days from the date judgment entered. Thus, the plaintiff argues that the court possessed personal jurisdiction over the defendant because the motion was served in accordance with § 52-350e(a)(3).[8]
The court does not agree with the plaintiff that she served her motion for an instalment payment order upon the defendant in accordance with Practice Book § 122, and thus, in accordance with General Statutes § 52-350e(a)(3). The plaintiff's argument fails because, even if, assuming arguendo, that as a matter of law the defendant is deemed to have appeared in this Connecticut enforcement action because it is merely a continuation of the New York action,[9] it still does not follow that the plaintiff complied with Practice Book § 122.
Practice Book § 122 states that "[s]ervice upon the attorney or upon a party . . . may be made . . . by mailing it to him at his last known address. . . . Service by mail is complete upon mailing." At first glance, it thus appears that the plaintiff complied with the rules of court for service upon an appearing party, again assuming that the defendant is deemed to have appeared in Connecticut because he appeared in New York.
Practice Book § 122, however, must be read along with Practice Book § 121. Practice Book § 121(a) states that "[i]t is the responsibility of counsel filing the same to serve on each other party who has appeared one copy of . . . every written motion other than one in which an order is sought ex parte. . . . When a partyis represented by an attorney, the service shall be made upon theattorney unless service upon the party himself is ordered by thecourt." (Emphasis added.) Practice Book § 121. Thus, if the court assumes that the Connecticut action is a continuation of the New York action, then it follows that the attorney that represented the defendant in New York continues to represent him in Connecticut absent any notification of withdrawal by the New York counsel. The defendant was represented by counsel in New York. Therefore, pursuant to Practice Book §§ 121 and 122, the plaintiff was required to mail or deliver the motion to the defendant's attorney unless ordered by the court to serve it upon the defendant himself. Practice Book § 121. There is no record that a judge of the Connecticut Superior Court ordered service upon the defendant himself. Therefore, the plaintiff failed to comply with Practice CT Page 1568 Book § 121.
The court recognizes that the plaintiff went to great lengths to ensure that the defendant was notified of the motion for instalment payment order. The legislature, however, clearly set forth the methods of service for postjudgment motions. General Statutes § 52-350e. For the court to exercise personal jurisdiction over the defendant, the plaintiff was required to serve the defendant in a manner prescribed by § 52-350e Cf.Shedrick v Shedrick, 32 Conn. App. 147, 151-52, 627 A.2d 1387
(1993) (by prescribing the methods of service of postjudgment motions in the context of alimony and support, General Statutes §46b-86 (a), the legislature is preserving the due process rights of the opposing party) An order to pay money, such as the instalment payment order of April 17, 1996, is a judgment in personam LaBowv LaBow, 171 Conn. 433, 438, 370 A.2d 990 (1976). Since the plaintiff failed to serve the defendant in accordance with §52-350e, the court lacked personal jurisdiction over the defendant. Since the court lacked personal jurisdiction over the defendant, the instalment payment order must be vacated. The procedure used by the plaintiff to notify the defendant regarding the hearing on the motion for instalment payments lacks due process and did not afford the defendant an opportunity to be heard.
 III.
Therefore, the court denies the defendant's motion for stay of enforcement and grants the defendant's motion to vacate the April 17, 1996 instalment payment order.
MORAN, J.