[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT (118) AND PLAINTIFF'S MOTION FOR MODIFICATION OF ALIMONY (119)
On January 3, 1997 the marriage of the plaintiff husband and the defendant wife was dissolved in this court at which time a written separation agreement was incorporated in the judgment. The plaintiff agreed to pay the defendant the sum of $4,500.00 monthly as periodic alimony. He did so through May of that year. CT Page 1250
At the time of the dissolution the plaintiff was the CEO of Fibreweb, a subsidiary of Gould Paper of New York City He was a minority stockholder in Fibreweb. Gould paper owned the remaining stock. Shortly after the dissolution Gould Paper took actions adversely affecting Fibreweb's business, in plaintiff's opinion. The Plaintiff objected and was discharged. He began a lawsuit in a New York court, hiring a lawyer with a $10,000.00 retainer. The suit is still pending.
The plaintiff then sought to organize a group of investors with the intention of buying a paper mill. After eighteen months the proposal was abandoned. Since August, 1998 the plaintiff has been seeking employment without success, attributing the lack of opportunity to the present conditions prevailing in the paper business.
The plaintiff kept the defendant advised of his activities. He remarried and has been supported by his present wife. He is 55 years old.
The current arrears of $94,500.00 unpaid periodic alimony extends from June, 1997 through and including February, 1999, a total of 21 months. He made two payments during this time totaling $1070.38.
The defendant's circumstances have not materially changed since the entry of judgment.
The plaintiff's motion was brought by service and the plaintiff seeks a retroactive order, Shedrick v. Shedrick,32 Conn. App. 147.
An inability to pay an order is a defense to a charge of contempt, Tobey v. Tobey, 165 Conn. 742 (1974). The one accused has the burden of proof on the issue, Perry v. Perry,222 Conn. 799 (1992). Compliance must be beyond his control, Connolly v.Connolly, 191 Conn. 468 (1983).
The court concludes that the business reversal sustained by the plaintiff's business directly impacted his income stream. His effort to recover from Gould appears prudent. His payments of the retainer is found to be reasonable for the lawyer's efforts would, indirectly, benefit the defendant. The plaintiff is not found to be willful in his failure to pay alimony. His failure is CT Page 1251 caused by circumstances beyond his control.
The defendant's motion for contempt is denied.
The plaintiff's motion for modification is granted. The order is reduced to $1.00 monthly commencing as of January 1, 1999. The arrears is found to be $90,000.00. The defendant shall pay interest thereon at the rate charged on judgments from this day forward, but the collection of the interest is stayed until the defendant obtains gainful employment. He is ordered to advise the defendant when employed or when CWA Associates, LTD generates any income to him.
So Ordered.
____________ HARRIGAN, J