[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de (119) PLAINTIFF'S CONTEMPT CITATION AND (122) DEFENDANT'S POSTJUDGMENT FOR MODIFICATION OF UNALLOCATED SUPPORT
The parties' marriage was dissolved by judgment rendered after an uncontested hearing during which a written separation agreement entered into by the parties was incorporated by reference into the decree. Paragraph two of the agreement provided that the defendant pay the plaintiff an unallocated support order for herself and for the minor child the weekly sum of $500 for six years, to terminate sooner upon the death of either party or remarriage of the plaintiff.
The defendant, a watch maker by trade, at the time of the dissolution was "VP operations" for a watch company in New York City, earning a weekly gross of $1,771.64 and net after tax deductions of $1,228.68 weekly. The plaintiff was then employed as an administrative assistant earning $905 weekly gross and, after mandatory deductions, $675 weekly. In addition, the plaintiff had $46 weekly income from other sources.
The minor child attained her 18th birthday on November 29, 1998, having previously graduated from high school.
The defendant's employment was terminated on March 31, 1999 at which time he received a severance payment of $28,000 net CT Page 15906 after taxes had been deducted.
The defendant described his subsequent search for employment in the watch industry in the New York City area. He testified that perhaps a maximum of 15 positions existed that were similar to the position he lost but they were all filled. He further testified that as a watch maker his expected annual income is about $40,000. He relocated to Proctorsville, Vermont. He commenced employment with Kinney Motors as a sales consultant on July 1, 1999. Since then through November 12, 1999 he has averaged $684 weekly gross and $489 weekly net after taxes. The court accepts all of the foregoing as true.
However, the defendant testified that as a result of taking care of "other bills" he ran out of money and stopped paying the court order in August. The court finds this explanation inadequate. As of November 12, 1999 the defendant had an arrears of $6,000. He was unemployed for 3 months during which time he paid the court order for a total of $6,500. He continued to pay during July and part of August after he became employed. The court finds that the defendant did have it within his means to continue to honor the court order. The statement that he addressed "other bills" without further explanation is no defense. The court concludes that he did wilfully disobey the court order. He is adjudged to be in contempt. The court finds the arrears through November 12, 1999, the day he served his motion for modification via an order to show cause, is $6,000. The plaintiff is awarded an allowance to prosecute her contempt of $750 for attorney's fees and $127.35 for sheriff's fees incurred for service, a total of $877.35.
The defendant has established to the court's satisfaction that a substantial change in circumstances has occurred. The child of the parties, Maxine, has attained majority. The plaintiff's income has increased to $912 net weekly after adding back the 401k deduction, all as shown on her current affidavit, a 35% increase in her disposable income. The defendant's earning capacity has been reduced without fault on his part.
Having determined that a substantial change in the financial circumstances has occurred with both parties the court now examines the defendant's motion on the basis of the § 46a-82
criteria, Crowley v. Crowley, 46 Conn. App. 87, 92 (1997). The parties' relative ages, state of health, length of marriage, causes of the breakdown, station and the remaining criteria have CT Page 15907 all been considered. The defendant has complied with §46b-86(a) and § 52-50 allowing the court the jurisdiction to enter a retroactive order back to the date of service, Shedrickv. Shedrick, 32 Conn. App. 147 (1993).
Ordered on plaintiff's motion: the defendant shall pay $150 weekly until the arrears of $6,877.35 is paid in full, no interest is awarded so long as the defendant remains current in his payments. A wage withholding order is entered. The parties may elect to make this order contingent per the applicable law.
Ordered on defendant's motion that the unallocated order of support (i.e. periodic alimony) is reduced to $1 per year effective as of November 12, 1999.
HARRIGAN, J.