[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court by way of the plaintiff husband's ("husband") Motions for Modification, post judgment (#119 and #121), dated January 30, 2002, and which were mailed pursuant to an Order of Hearing and Notice by certified mail to the defendant wife ("wife") at her residence in Metairie, Louisiana, on March 15, 2002. However, no supplemental return, or other tangible evidence of receipt of service, was filed with the court. The wife filed a Motion for Contempt (#124) dated May 7, 2002, which was also heard by the court. The twenty-six year marriage of the parties was dissolved by decree of this court on July 9, 1997.
A Separation Agreement was executed on June 23, 1997, made a part of the court file, and incorporated by reference in the decree. In brief, Article 3.1 of the Separation Agreement provided that the husband was to pay the wife the sum of $85,000 per year in monthly installments of $7,083.33. In addition, the husband was obligated to pay $5,000 per year to the wife for her medical insurance. At that time, the parties divided their assets, with the wife receiving inter alia the net proceeds from the family home, as well as $100,000 cash, and payments from the husband's IRA and profit-sharing plan, while the husband retained interalia his interest in his businesses, including substantial retained earnings, as well as some retirement assets. There were also life and disability insurance obligations to secure the alimony. At the time of the dissolution, the husband was a self employed executive in the business of the sale and manufacture of fabric, and his reflected net earnings of $225,299 per year. The wife had no income from employment outside of the home. Article 11.3 of the agreement made provision for the payment of attorneys fees in the event of a breach.
Due to some significant business reverses of the husband, the parties modified Article 3.1 of the judgment by agreement (#115) dated September 18, 2000, which reduced the husband's alimony obligation to $65,000 per year, payable at the rate of $5,416.65 per month commencing October 1, CT Page 13357 2000, as well as the amount of life insurance he was obligated to maintain for the benefit of the wife. At the time of this agreement, the husband's gross income (excluding a $200,000 "Partnership/S-Corp" loss), as reflected on his financial affidavit, was $177,013. It is this agreement that the husband seeks to modify retroactively to July 1, 2001, based upon a substantial change of circumstances and his assertion that the parties entered into subsequent oral agreement to further reduce his obligation commencing July 1, 2001, to $36,000 per annum payable at the rate of $3,000.00 per month, plus $5,000.00 per year for health insurance payable at the rate of $416.67 per month. He has paid at that rate since. He also seeks to modify his life and disability insurance obligations. The wife denies that there was such an agreement. The husband currently works as a salesman for Acton, Inc., where he earns $60,000 per annum. The wife is not employed.
The wife opposes any such further modification, seeks a finding of contempt, and a determination of an arrearage. The court heard the testimony of both parties.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in General Statutes §§ 46b-82 and 46b-86, hereby makes the following findings:
1. That there has been a substantial change of circumstances since the date of the last order which would warrant a further modification, to wit: the husband's income from all sources has been substantially reduced, and that such reduction was not voluntary. Borkowski v.Borkowski, 228 Conn. 729, 736 (1994).
2. That where retroactivity is sought pursuant to General Statutes § 46-86 (a), motions for modification of alimony must be served in accordance with General Statutes § 52-50; that the purpose of that provision is to accord due process to the other party. Shedrick v.Shedrick, 32 Conn. App. 147, 151-52 (1993); that the prior court order does not preclude modification; that the motions for modification were served on the wife by certified mail on March 15, 2002, as was evidenced by the marshal's return of service as on file; that no supplemental return of service was offered as evidence that the wife received service; that after hearing the parties, the court believes that the wife had sufficient notice of said motions so as to satisfy due process; and that it is equitable and appropriate that any order be applied retroactively. CT Page 13358
3. That the husband testified that he and the wife had an agreement which would permit him to further reduce his payments to $3,000.00 per month effective July 1, 2001; that he, in fact made such reduced payments commencing July 1, 2001, based upon his belief that such an agreement existed; that the wife denies that she entered into any such agreement; that the only evidence offered by the husband to support his contention was a self-serving letter (Exhibit #1) to the wife dated July 1, 2001; that the court does not find the evidence to be conclusive of the existence of a valid agreement; that, in any event, the existence of such an agreement would not in and of itself constitute a modification of an existing court order absent a review by a court to determine whether or not it was fair and equitable; and that, even in the absence of an agreement, the court finds that the husband acted in good faith.
4. That under all the circumstances, including the reduction in the husband's income and change of employment, as well as his good faith belief that the parties had reached an agreement which would permit a reduction in the alimony payment, the husband was not in wilful contempt of the orders of the court, but that the husband is in breach of the original Separation Agreement of the parties dated June 23, 1997, which was made an order of the court, and as modified by further order of the court on September 18, 2000.
5. That as of July 1, 2001, the husband reduced his monthly payment to $3,000.00; that there was no order of court modifying the previous order dated September 18, 2000, which provided for monthly payments of $5,416.65; and that there is an alimony arrearage in the amount of $11,249.85 ($5,416.65 minus $3,000.00 = $2,416.65 x 9 = $21,749.85 less 7 months credit of $10,500 = $11,249.85).[1]
6. That in general, an award of attorneys fees in a family matter is within the discretion of the court based upon a review of the financial ability of each party. General Statutes § 46b-62. The Connecticut Supreme Court has held that such an award must be based upon a finding by the court that there are ample liquid assets with which to make the payment. Koizim v. Koizim, 181 Conn. 492, 500-01 (1980). However, where the parties have agreed to the payment of reasonable attorneys fees and costs in the event of a default by one of them, then the court may order the payment of same without consideration of their respective financial abilities. In such a case, the court must first determine whether or not a breach has occurred, and if so, then make a determination of the "amount of reasonable attorneys fees to be awarded." Goold v. Goold,11 Conn. App. 268, 288-89 (1987); and that no credible evidence of attorneys fees having been offered to the court at the time of hearing, CT Page 13359 the court is without the power to enter any such order.
 ORDER
IT IS HEREBY ORDERED THAT:
The plaintiff's Motion for Modification (#119) is HEREBY GRANTED and Motion for Modification (#121) is HEREBY DENIED. Defendant's Motion for Contempt (#124) is HEREBY DENIED.
1. Effective April 1, 2002, and monthly thereafter, the husband shall pay to the wife the sum of $1,500.00 as and for periodic alimony,[2]
until the death of either party or the remarriage of the wife, whichever shall sooner occur.
2. Commencing November 1, 2002, and monthly thereafter, the husband shall pay to the wife the sum of $500.00 until such time as the arrearage is paid in full.
3. Each party shall be responsible for their respective attorneys fees and costs incurred in connection with this action.
4. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony order.
5. Meaning and intending hereby to modify Article 3.1 of the Agreement of the parties dated June 23, 1997, as modified by order of this court on September 18, 2001, and that all other provisions thereof, including but not limited to life insurance, disability insurance, and health insurance, shall remain in full force and effect.
THE COURT
 _____________ SHAY, J.