DEBRA J. SARDILLI *v.* DON N. SARDILLI
(6075)

DALY, O'CONNELL and STOUGHTON, Js.

Argued June 16—decision released September 6, 1988

*Timothy Sheehan,* for the appellant (defendant).

*John M. Andreini,* for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from the trial court's denial of his motions for modification of child support and for contempt, filed approximately one year after the dissolution of the parties' marriage. The defendant claims that the trial court erred (1) in denying the motion for modification, as a material change of circumstances had arisen since the matter was previously considered, and (2) in denying the motion for contempt, as the plaintiff's use of the property in question violated the use intended by the parties. We find error in part.

The following facts are relevant to the resolution of this appeal. The marriage of the parties was dissolved on April 18, 1986. The judgment rendered in that dissolution incorporated the parties' separation agreement, which provided, inter alia, that the defendant

would purchase and maintain a condominium in Plainville for the plaintiff's use. The condominium facilitated the plaintiff's participation in the joint custody of the parties' two minor children by providing her with a residence in proximity to the marital home.[1] The down payment on the condominium was treated as part of the property settlement, and the monthly mortgage and associated payments were attributed to the defendant's child support responsibilities. Pursuant to the dissolution judgment, the children's primary residence was with the plaintiff.

On June 11, 1986, the trial court, *Covello, J.*, granted the defendant's motion to modify custody, which implemented a temporary custody and visitation schedule for the summer of 1986, ordered a child custody study, and awarded the defendant primary custody of the children. On August 19, 1986, the trial court, *Barry, J.*, granted the defendant's motion to modify child support, reordered the child custody study and temporarily suspended the $200 monthly payments made to the plaintiff for support of the minor children. The trial court also stated in that order that the plaintiff would maintain exclusive possession of the condominium. The defendant's motions were reheard and granted on October 29, 1986, by the trial court, *Kaplan, J.*[2]

On March 23, 1987, the defendant filed the motions at issue in the present appeal requesting that the plaintiff pay the defendant child support and the condominium's mortgage, taxes and fees. The defendant further requested that the court find the plaintiff in contempt and order her to vacate the condominium. The trial court denied both motions without an evidentiary hearing and the defendant appealed.

---

[1] The condominium is located one block away from the marital home.

[2] As noted in the text, the record indicates that the earlier decisions on these motions were apparently intended to provide only temporary relief.

The defendant first claims that the trial court erred in denying his motion for modification. General Statutes § 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of . . . [child] support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party."[3] See *Vonaa* v. *Vonaa,* 15 Conn. App. 745, 747, 546 A.2d 923 (1988). The defendant claims that the trial court, *Covello, J.,* erred in requiring that the defendant show a substantial change in the circumstances of either party arising since October 29, 1986, the date of the hearing on the last motion argued before the trial court. The defendant contends that because the issue of the condominium was purposefully withheld from consideration in that hearing, the period in which a change of circumstances could have arisen commenced on April 18, 1986, the date the dissolution decree was rendered. We agree.

A review of the trial court transcript indicates that, at the October 29, 1986 hearing, the parties expressly stated that only the $200 support payments were at issue.[4] The transcript of that hearing indicates that the

---

[3] We note in passing that the statute was amended by Public Acts 1987, No. 87-104, effective October 1, 1987. That amendment, however, does not affect this appeal.

[4] The parties participated in the following colloquy with the court:

"The Court: So, the—now what about the support motion? That's just—

"[Defense Counsel]: Should be granted, Your Honor. There should be no more child support.

"The Court: Okay.

"[Plaintiff's Counsel]: I think that requires clarification, Your Honor. It would be granted, as I understand it, with respect to that portion of the judgment which reads that the husband shall pay to the wife the sum of $100 per month child support for each of the two children. *But there are additional provisions in the judgment which touch upon child support. It's my understanding are not the subject today, of our agreement."* (Emphasis added.)

trial court also expressly inquired as to the extent of the modification sought, and the defendant's attorney stated that only the $200 child support payments, and not the condominium, were at issue.[5]

It is beyond dispute that "[t]he paramount role of a court when considering domestic relations cases is one of a 'court of equity.' " *LaBow* v. *LaBow*, 13 Conn.

---

[5] The following exchange occurred:

"[Plaintiff's Counsel]: There's a condominium, Your Honor, which the plaintiff is presently occupying and the defendant is paying the mortgage, the taxes and the condo association fee.

"The Court: And he'll continue to pay that?

"[Plaintiff's Counsel]: That was my understanding.

"[Defendant's Counsel]: No. No, Your Honor, that is not part of the agreement. That is not a correct characterization of the judgment. The condominium was part of the property settlement and it was not before this Court. What we are asking the court to modify is the child support payments of $200 a month—

"Mr. Sardilli: One hundred per month per child.

"[Defendant's Counsel]: $100 per month per child.

"The Court: That's all you're asking to be suspended, is that correct?

[An unresponsive discussion of the status of the judgment file in the case ensued and is omitted.]

"[Defendant's Counsel]: And the condominium, the provisions regarding the condominium, Your Honor, are under a distribution of the parties' jointly owned assets.

"The Court: Mr. Sheehan, that's fine. I just want to know two things—

"[Defendant's Counsel]: We're asking you—

"The Court: $100 per child per month to be suspended as of today?

"[Defendant's Counsel]: That is what we're asking. Yes, Your Honor.

"The Court: And that's all you're asking for by way of suspension?

"[Defendant's Counsel]: Yes, Your Honor.

"The Court: All other orders of the judgment file will remain in full force and effect?

"[Defendant's Counsel]: That's correct.

"The Court: You're asking that the custody be changed and the visitation as outlined in that agreement?

"[Defendant's Counsel]: That's correct, Your Honor.

"The Court: Okay. And that's all you're asking for today?

"[Defendant's Counsel]: Yes, Your Honor."

We note further that the plaintiff's trial attorney did not object to the defendant's counsel's characterization of the matters at issue at the October 29, 1987 hearing as pertaining solely to custody, visitation and support.

App. 330, 351, 537 A.2d 157 (1988); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975). Because the transcript indicates that the parties did not intend to address all aspects of child support at the October 29, 1986 hearing, it would be inequitable to now provide that issues excluded at that time are precluded from further consideration. This is in essence what resulted in the trial court's determination that the issues relating to the condominium were addressed on October 29, 1986. We recognize that the body of law which provides that when a motion for modification has been granted, any subsequent modification can be based only upon a change in circumstances arising from the date of the earlier modification. See, e.g., *Benson* v. *Benson,* 187 Conn. 380, 383 n.3, 446 A.2d 796 (1982); *Theonnes* v. *Theonnes,* 181 Conn. 111, 114, 434 A.2d 343 (1980). As this aspect of the child support was not previously addressed by the trial court, however, this principle does not apply in the present case. The trial court was faced, in essence, with a bifurcated request for modification, in which only one of two issues raised by the request, the matter of support payments, was previously addressed. In this scenario, it is of no consequence that the trial court may have addressed the issue of support payments on October 29, 1986, because the matter of the condominium had not been addressed since the judgment was rendered.[6] As a result, the trial court improperly limited the date from which the defendant could demonstrate a substantial change in circumstances which warranted the modification. We

---

[6] Although the August 19, 1986 order of the trial court, *Barry, J.,* granting interim relief, made passing reference to the plaintiff's "possession" of the condominium, we were not provided with a transcript of the trial court's hearing on that matter and without such a transcript, will not assume that the issue of the condominium was addressed at that date. It is the responsibility of the party appealing the issue in question to provide an adequate record. See Practice Book § 4061; *Commissioner* v. *Youth Challenge of Greater Hartford, Inc.,* 206 Conn. 316, 322, 537 A.2d 480 (1988).

therefore conclude that the trial court erred and the case must be remanded for further proceedings to allow the defendant to present evidence of a substantial change of circumstances, if any, arising prior to October 29, 1986, but subsequent to the entry of the original dissolution judgment.

The defendant next claims that the trial court erred in failing to find the plaintiff in contempt of court for continuing to reside in the condominium after the defendant obtained primary custody of the parties' minor children. We disagree.

The dissolution agreement signed by the parties provided that the plaintiff would enjoy exclusive possession of the condominium until any of four contingencies arose: (1) remarriage, (2) cohabitation with an unrelated male, (3) emancipation or the eighteenth birthday of the youngest residing child not attending high school full time, or (4) July 1, 1994, whichever occurred first. The trial court, *Covello, J.*, denied the motion, concluding that none of the four contingencies had occurred. The court further found that the defendant's custody of the minor children did not constitute "emancipation" under the decree.

"In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole any party who has suffered as a result of another party's failure to comply with a court order." *Nelson* v. *Nelson,* 13 Conn. App. 355, 367, 536 A.2d 985 (1988). We dispose of this issue by noting that in the present case, the plaintiff's actions in no manner failed to comply with an order of the court. The defendant attempted, at the trial level, to find the plaintiff in contempt for continuing to reside in the condominium after primary custody of the children was obtained by the defendant. As stated above, the trial court found that none of the four contingencies which

would require the plaintiff to vacate the condominium had been satisfied. The plaintiff merely continued to follow the mandate of the dissolution decree, and absent a change in the judgment by the court, the plaintiff was fully justified in doing so. The defendant's claim regarding the trial court's refusal to find the plaintiff in contempt is meritless.

There is error in part, the order denying the defendant's motion for modification is set aside and the matter is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.