[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10227
FACTS
A dissolution decree was entered in this case on November 16, 1984. On February 28, 1987 plaintiff was awarded custody of the parties' minor child, Natalie, who was born October 30, 1981. Upon the plaintiff receiving custody, the Court ordered the defendant to pay child support in the amount of $42.50 per week plus an additional payment of $15.00 per week on an arrearage of $765.00. Defendant has made no child support payments since April 10, 1992. Plaintiff filed a motion for contempt but was unable to serve the defendant as it appears she has moved from Connecticut, leaving no forwarding address. Plaintiff then filed a motion for garnishment of a bank account defendant maintains in Connecticut at the American Bank in Torrington.
The contempt issue is whether this court has personal jurisdiction over a non-resident defendant who has no actual notice of the contempt proceeding. Jurisdiction over a non-resident for alimony and support is governed by C.G.S.46b-56(b).
 Under the statute "[T]he court may exercise personal jurisdiction over the nonresident party as matters concerning temporary or permanent alimony or support of children, only if (1) the nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation."
The motion for contempt fails to meet the requirements of subsection (1) since there was no personal service on the defendant which is a prerequisite for actual notice in section46b-46 (a). O'Riordan v. O'Riordan, 3 C.S.C.R. 896, 893 (1988). This case can be distinguished from Jones v. Jones, 199 Conn. 287
(1986), which hold that 46b-46(b) confers jurisdiction to allow post judgment proceedings. In Jones, the case was not a contempt action but a modification and the nonresident defendant CT Page 10228 had actual notice.
Our case law suggests that the court does not automatically retain jurisdiction over the parties because the court had personal jurisdiction at the time of the dissolution. "Even though it could be argued that once personal jurisdiction is acquired over the parties in a matrimonial matter it is not lost by subsequent events, this position must be considered against the constitutional requirements of due process." Everett v. Slosberg, 2 C.S.C.R. 595 (1987). O'Riordan, supra, refers to the lack of case law to support the concept of continuing personal jurisdiction based solely on the fact that the court had jurisdiction over the parties during the dissolution. This court follows these cases in finding that this court does not automatically retain jurisdiction over a nonresident because it had in personam jurisdiction at the time of dissolution. Therefore this court need not consider the constitutional requirements of due process.
Where the claimed contempt of a court order does not occur in the presence of the court, process is required to bring the contemptor into court. Cologne v. Westfarms Associates,197 Conn. 141, 152 (1985). The defendant is entitled to both notice and a fair hearing. Cologne, supra, 151. Because there is no notice in this case there can be no contempt finding.
Plaintiff argues in his brief that although the court cannot find the defendant in contempt, it has broad discretion, and can take jurisdiction over defendant's assets within Connecticut and order the a, sets be taken to satisfy his support obligation. The plaintiff cites Nelson v. Nelson, 13 Conn. App. 355
(1988) and Sardilli v. Sardilli, 16 Conn. App. 114 (1988) in support of his position. This case can be distinguished from Nelson and Sardelli in that there was jurisdiction to make a holding of contempt in those cases. In both Nelson and Sardelli the reason for the absence of a finding of contempt was not because the court lacked the power to find parties in contempt. Also neither case cited actually makes a finding in favor of the moving party in the absence of the wording and finding despite the quoted language. This court finds it cannot make a ruling in favor of plaintiff based on the court's broad discretion.
Quasi In Rem Jurisdiction Over Bank Account.
Because a contempt judgment cannot be rendered against CT Page 10229 defendant for back child support the court need not decide whether the garnishment of the bank account is allowed under C.G.S. 52-284 and whether it meets the constitutional requirements of due process.
This court does, however, continue to freeze the assets in the bank account. This court finds that the presence of this bank account within the state and the service of the defendant through the bank, as well as the residence of her minor daughter within the state is enough contact to give this court quasi in rem jurisdiction to attach the bank account. This court orders the attachment of the funds presently on deposit in Account No. 1139819 at American Bank until further order of this court.
Norko, J.