[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to this court by way of a post judgment Motion for Modification (#172) filed by the plaintiff mother ("mother") as well as a Motion re Payment of Fees (#173) brought by Tara Ryan, the attorney for the minor children. The marriage of the parties was dissolved by decree of this court on January 8, 1998, at which time their Separation Agreement was incorporated by reference therein. The motions stem from a post judgment relocation dispute which arose at the time the mother's proposed to move to Minnesota with the minor children, CONNOR FREY, born April 15, 1993, and PARKER FREY, born July 12, 1995. Following a lengthy hearing, the court (Harrigan, J.) found that it was in the best interest of the minor children for the mother to remove with them to Minnesota. His basic order is contained in a transcript dated September 8, 2000 (Tr. 17), however, several issues remained outstanding, including modification of existing child support (including retroactivity of child support and whether or not credits are appropriate to either party), a visitation schedule, as well as the fees of the therapist and the attorney for the minor children. Subsequent to that decision, the parties, with the assistance of attorney Ryan, crafted a parenting Agreement dated December 20, 2000, which was signed by all parties, filed with and approved by the court. The court heard two days of testimony, at which time the parties stipulated to an arrearage in the child support in the amount of $22,600.00.
The defendant father ("father") is currently employed as a regional sales manager. According to his current financial affidavit dated December 19, 2000, he earns $129,480 per annum, which includes a base salary plus commissions. This represents a slight decrease from his previous financial affidavit dated April 28, 2000. He receives his base pay once every two weeks, however, his commission checks come once a month. He testified that although the current child support order is $400 a week (of which payment of $100 per week was suspended on April 28, 2000, until further order of court), he often pays one time during the month, which payment covers anywhere from a four to six week period.
Since the wife and the children moved to Minnesota in April of 2000, the husband has, according to his testimony, "primarily" visited with them in Minnesota. Despite the long distance, the father has maintained regular contact with the children and has tried to remain a significant factor in their lives. At first, he indicated that he travels there on average two weekends a month, but only one time during any month when the children come to Connecticut. He later clarified his testimony to the effect that since the date of Judge Harrigan's Order last September, he CT Page 6154 has traveled to Minnesota once in September, twice in October and one time each in November and December. The wife brought the children to Connecticut twice in September. The Minnesota visitations generally take place from Friday afternoon to Sunday afternoon which necessitates a two night hotel rental.
The wife herself has also incurred significant expenses as a result of the current custody and visitation arrangement. Specifically, she testified that she had incurred $8500 in personal expenses going back and forth to see the children between January and September 2000, and that airline tickets alone cost anywhere from $250 to $1400 apiece. She indicated that on average the round trip cost per child was about $300. On two occasions she paid for the children's tickets as well as her own so that she could accompanied them. As far as airfare for the children alone, she has spent a total of $3000, however, the husband has paid $500 toward that sum, and therefore her net outlay for airline tickets was about $2500.
According to her current financial affidavit dated January 11, 2001, the mother earns $83,412.00 together with an additional $16,000.00 which represents her anticipated annual bonus, for a total of $99,412.00. She testified that she has no other income outside of her salary, although her employer reimburses $416.00 per month for a daycare allowance which amounts to $4,992.00 per annum. Her total annual income has increased somewhat from the approximately $96,000.00 as shown on her financial affidavit dated March 27, 2000. Her bonus is a function of the company profits as well as her performance, however, it would in no event exceed a maximum of 20% of base. The mother also testified that her work hours are from 8:30 to 5:30 and that she is required to do business travel about once a month. The children are both in either daycare or after school programs. Her monthly travel generally includes three days and two overnights, during which time she has made babysitting arrangements for the children.
The questions to be considered by the court, in addition to the question of substantial change of circumstances, revolve around the issue of child support and the accumulated arrearage. The mother has asked at the very least, that any order call for an immediate wage withholding in light of the father's payment record. Given the combined net income of both parties, the child support guidelines are definitely exceeded. In addition, the court has been asked by the husband to consider the debts of the father and whether or not it is appropriate to enter child support orders that are retroactive. In reviewing the file, the court notes that the issue of retroactivity has apparently arisen from a Motion for Modification (#132) filed by the husband on March 1, 1999 as a result of a period of unemployment commencing July 31, 1998. The motion took a long CT Page 6155 time to be heard, and in the interim, on June 25, 1999, the parties filed a Stipulation dated June 1, 1999, in which it was agreed that any orders would be retroactive "to at least June 1, 1999," and that then counsel for the father reserved the right to argue for "farther retroactivity." That motion was subsequently granted on March 27, 2000, by Judge Hiller on the basis of a Stipulation dated November 22, 1999 (#146). The Stipulation specifically references Motion #132, which by its terms is retroactive, but only to March 18, 2000. This order was, in turn, modified by Judge Novack on April 28, 2000, on the basis of a Stipulation (#150) of even date therewith. It is the latter order which contains the current child support and arrearage orders.
In her claims for relief, the mother has asked for the sum of $527 a week, however, she has indicated she would be willing to pay for two out of the three trips for the children to visit their father.
Finally, the parties have been unable to agree as to who should be responsible for the balance of the fees to the attorney for the minor child, and whether or not it is appropriate to allocate those fees between both parties. The court has also been asked to assign responsibility for the remaining balance for the children's therapist Dr. Von Kohorn in the approximate amount of $2,150.00.
While the court observed a considerable amount of animosity between the parties, with the help of Attorney Ryan they have been able to work out the basic framework regarding visitation issues, and the court finds this to be a good sign. The court has been asked to smooth out some of the other bumps in the road. However, it can only do so much, and time alone will have to take care of the rest.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-82, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That there has been a substantial change of circumstances since the date of the last child support order, in that significant travel expenses have been incurred and will be incurred by both parties in the exercise of visitation by the father with the minor children, as well as a modest changes in the income of both parties. CT Page 6156
 2. That the presumptive minimum level of child support is $582.00 per week, including a contribution toward unreimbursed medical expenses, child care and the accumulated arrearage.
 3. That there is an arrearage in current child support order in the amount of $22,600.00, which is based upon the stipulation of the parties at the time of hearing.
 4. That both parties have and will continue to incur significant visitation expenses in order to effectuate the visitation of the father with the minor children; and that it is equitable and appropriate to take these sums into account and to deviate from the presumptive level of support as set forth in the Child Support and Arrearage Guidelines, in particular Section 46b-215a-3(b) (3)(A).
 5. That the date of the last child support order was April 28, 2000, pursuant to a Stipulation (#150) of the parties; that said order was a modification of previous order (#146) entered by this court on March 27, 2000, pursuant to the father's Motion for Modification (#132) dated November 22, 1999, therefore, any modification must be based upon a substantial change of circumstances since April 28, 2000. Sanchione v. Sanchione, 173 Conn. 397, 408 (1977), Sardilli v. Sardilli, 16 Conn. App. 114, 119 (1988).
 6. That the issue of retroactivity was subsumed in the order of March 27, 2000; that no credible evidence was submitted to the court that, as to the order of April 28, 2000, service of the post judgment Motion for Modification was made pursuant to Sections 46b-86(a) and 52-50 C.G.S.; and that therefore, the court is without power to grant a retroactive modification. Shedrick v. Shedrick, 32 Conn. App. 147, 151 (1993).
 7. That it is equitable and appropriate that the court give some weight to the increase in the father's indebtedness between April 28, 2000 and December 19, 2000, in entering its financial orders herein, CT Page 6157 however, after considering same, the court finds it to be a de minimus factor.
 8. That the court has reviewed a certain Affidavit Re: Attorneys Fees dated December 19, 2000, prepared by Victoria Scosta as on file with the court, detailing the attorneys fees and services rendered by the law firm of Piazza Pickel, LLC, for the benefit of the minor children in the amount of $18,595.20; that the court finds same to be fair and reasonable under all the circumstances; that the wife has paid a total of $6,000 toward said sum; and that it would be equitable and appropriate that the parties share in an equitable manner the remaining balance due in the amount of $12,595.20.
 9. That there is an outstanding balance due to Dr. Jeffrey Von Kohorn in the amount of $2,150.00, and that it is appropriate that this be shared by the parties in an equitable manner.
 10. That after a review of the parenting Agreement of the parties dated December 20, 2000, the court finds same to be fair and equitable under all the circumstances and in the best interest of the minor children.
 11. That it is equitable and appropriate that each party pay their own attorneys fees and costs incurred in connection with this matter.
 ORDER IT IS HEREBY ORDERED THAT: 1. The Agreement of the parties dated December 20, 2000, is fair and equitable under all the circumstances and in the best interest of the minor children, and the court hereby restates and incorporates same in this Order and attaches it hereto as Exhibit A.
 2. Commencing June 1, 2001, and monthly thereafter, the defendant shall pay to the plaintiff the sum of $1,235.00 as and for child support, until such time as the oldest child shall reach the age of eighteen CT Page 6158 years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. Furthermore, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84(b) C.G.S. The foregoing notwithstanding, the defendant's obligation to pay child support shall be reduced to the sum of $735.00 per month during the months of July and August, and the difference in the amount of $500.00 per month shall be applied toward the reduction of the arrearage.
 3. Commencing June 1, 2001, and monthly thereafter, the defendant shall pay to the plaintiff the sum of $215.00 until such time as the arrearage in the amount $22,600.00 is paid in full.
 4. The defendant shall be responsible for all travel costs associated with his visitation with the minor children in Minnesota, including but not limited to airfare, lodging, and meals. The plaintiff shall be responsible for all travel costs, including round trip airfare as well as transportation to and from the airport, for any visitation with the father in Connecticut, including summer vacation, spring/Easter break, Thanksgiving, and Christmas.
 5. The outstanding balance due to Tara Ryan, Esq. of Piazza Pickel, LLC for services rendered in the amount of $12,595.20, shall be paid $9,595.00 by the father and $3,000.00 by the mother, each to pay ten (10%) percent within thirty (30) days hereof, and the balance at the rate of $500.00 per month until paid in full.
 6. The outstanding balance of Dr. Jeffrey Von Kohorn's bill for services in the amount of $2,150.00, shall be paid $1,150.00 by the father and $1,000.00 by the mother, each to pay one-half ("A) within thirty (30) days hereof, and the balance at the rate of $100.00 per month until paid in full.
CT Page 6159
 7. Each party shall be responsible for their respective attorneys fees and costs incurred in connection with this action.
 8. The Court hereby orders an Immediate Wage Withholding Order pursuant to Section 52-362
C.G.S. in order to secure the payment of the child support and arrearage orders.
THE COURT
 ____________________ SHAY, JUDGE