[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree of this court on June 4, 1996. They have two minor children, Madison, born March 17, 1986, and Chelsea, born November 1, 1989. The parties have each since remarried. The mother has since moved to the town of Norfolk in northwestern Connecticut, and both children currently reside there with her. At the time of the entry of the original decree both parties resided in Darien.
The father is employed as a bond trader at Garban Intercapital and earns $203,000 per annum in salary and commissions. In addition, he has some rental income from his interest in a condominium which is virtually offset in full by expenses. He has a substantial investment portfolio, some of which is invested for growth and which generates no cash income, and part came by way of inheritance from his father, one-half of which he CT Page 4494 "gifted" to his present spouse. His present wife is a practicing physician. He claims that she makes no contribution to the household expenses shown on his financial affidavit.
The mother, who has a degree in Nutrition, was employed in the catalogue business, but the business recently failed, and she became unemployed during the current proceedings. She receives approximately $2,000 per annum in interest and dividends. This would be higher, but for the fact that she transferred a portion of her assets to her new husband in the form of an interest in the real estate and in her investment account. Her present husband is currently a self-employed consultant.
Time has definitely not healed all the wounds in this matter. At issue is whether or not one or both children should continue to be enrolled in private school, and if so, who should bear the responsibility for the payment of the tuition. Madison was enrolled in the Indian Mountain School at the time of the last order (October 14, 1997). At that time, the court ordered the husband to pay child support in the amount $2,000 per month and Madison's tuition at the Indian Mountain School calculated to be $1,093.25 per month, for a total of $3,093.25. She completed her studies there and has been enrolled in the Westminster School. The youngest daughter, Chelsea, is currently a seventh-grade student at Indian Mountain School. Following Madison's graduation from Indian Mountain, the father reduced his monthly payment to $2,000. Except for Madison's tuition at the Indian Mountain School, the mother has made all tuition payments for both children. The mother has taken some very significant unilateral steps which have changed the family dynamic, from her move to Norfolk, Connecticut, to her enrollment of the children in private school. Her rationale for the latter was that the Norfolk school system is small and does not offer their children the advantages and opportunities of the Indian Mountain and Westminster schools. In addition, the younger child, Chelsea, had experienced some difficulties with her classmates in public school. Although the father testified that at one point he himself attended high school at Montclair Academy in New Jersey due to racial unrest in the public schools, he remains adamantly opposed to a private school education for his children. Suffice it to say, each parent takes a very different approach to the children's education. Complicating matters, the father testified that he used a portion of the children's UTMA funds to pay tuition for Madison and his one-half of the retainer for the attorney for the minor child in the amount of $3,750.00. The testimony and evidence indicates that both children are doing well, if not thriving, in their current school environment. The mother's position was supported by the attorney for the minor children.
The mother has framed her request for the payment of tuition (or a CT Page 4495 contribution thereto) in a Motion from Modification of Child Support dated May 10, 2001. (#195). In addition, she claims that the children's change of residence from Darien to Norfolk has made the original visitation scheme less than ideal, and she has filed a Motion to Modify the Parenting Access Plan (#197). The father objects to both. The court heard the parties over the course of three non-consecutive days.
 FINDINGS
The Court, having heard the testimony of the plaintiff, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That the date of the last child support order was October 14, 1997; and that therefore, any modification must be based upon a substantial change of circumstances since October 14, 1997. Sanchione v. Sanchione,173 Conn. 397, 408 (1977), Sardilli v. Sardilli, 16 Conn. App. 114, 119
(1988).
2. That at the time of the entry of said order on October 14, 1997, the court, having reviewed the financial affidavits and other evidence, based said order in part on the gross earnings of the husband in the amount of $360,000 per annum and those of the wife in the amount of $9,518.04 per annum. (Tr. 10-14-97 @ p. 2)
3. That the award of child support was divided into two parts, to wit: a $2,000 per month payment, together with an obligation of the husband to pay "the full tuition, insurance and books for the Indian Mountain School" for the minor daughter Madison, which were found to be $1,093.25, for a total child support obligation of $3,093.25 per month. (Tr. 10-14-97 @ pp. 2-3)
4. That, as to the finances, there has been a substantial change of circumstances since the date of the last order, to wit: the father's gross income from his principal employment has decreased from $360,000 to $203,000; the father's assets have increased from $426,439 to $867,800 (without any adjustment for any transfers or gifts to his current spouse); the mother is no longer employed and her gross annual income has decreased from $9,518.04 to $1,908; the mother's loss of employment was involuntary; the mother's assets have shown a slight decrease, however this is due to the transfer to her present spouse a significant portion thereof; and the minor child Madison is no longer enrolled in the Indian Mountain School, but that both children are currently enrolled in a private school, Madison in Westminster School and Chelsea in the Indian CT Page 4496 Mountain School.
5. That based upon the current net incomes of the parties the basic child support obligation is $566.00; that the husband's portion thereof is $559.00; and that the combined net incomes of the parties is somewhat in excess of the maximum Guideline amount
6. That the parties have joint custody of the minor children; that a private school education will provide the minor children with more educational, athletic, and social benefits than the Norfolk, Connecticut public school system; that the younger child, Chelsea, had some difficulty adjusting to the public school system in Norfolk; that the older child, Madison, has been enrolled in private school since academic year 1997-1998 and that Chelsea has been enrolled in the Indian Mountain School since 1999-2000; that the evidence demonstrates that both children have adjusted well to that environment both academically and socially; that the father has sufficient income and assets to contribute to the cost of a private school education; and that it is equitable and appropriate and in the best interest of both minor children that they continue their enrollment in private school; and that the father should contribute thereto. Carroll v. Carroll, 55 Conn. App. 18, 24 (1999);Flynn v. Flynn, 7 Conn. App. 745, 747, (1986).
7. That as to the issue of visitation, based upon the testimony of the parties, the minor children continue to live in Litchfield County; the father continues to exercise visitation on a regular basis in spite of the distance involved; and that other than the continued contentiousness of the parties, the court was not presented with sufficient credible evidence which would warrant a modification of the present orders.
8. That the father's use of the UTMA funds of the minor child Madison to meet his legal child support obligation (i.e. tuition at the Indian Mountain School) as set forth in the decree of this court dated October 14, 1997 and to meet his obligation to pay $3,750.00 as his share of the retainer for the attorney for the minor child pursuant to a further order of this court dated September 4, 2001, was both inappropriate and contrary to law; and that it is equitable and appropriate that he promptly account to the attorney for the minor child for any and all monies so expended from October 14, 1997 to date, and that he immediately replace said funds (together with interest at the rate of 8% per annum) in the UTMA account. General Statutes § 45a-558k (a)
 ORDER
IT IS HEREBY ORDERED THAT: CT Page 4497
1. The Motion for Modification (#195) is HEREBY GRANTED and that Commencing May 1, 2002, and monthly thereafter, the father shall pay to the mother the sum of $2,400.00 as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84 (b) C.G.S.
2. In addition to his child support obligation, effective immediately as to the academic year 2002-2003 and future academic years during the minority of each child, until further order of court, the father shall pay a sum equal to one-half of the private school costs, including tuition, books, and lab fees, but not including room and board charges ifany, up to a maximum of $7,500.00 per annum per child. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the father's obligation hereunder shall continue for the remainder of the academic year or her nineteenth birthday, whichever shall sooner occur, in which case his obligation for that term/semester shall be pro-rated accordingly. The father shall pay his share of said tuition and costs, in full, in advance of the term/semester, directly to the school, within (30) days of his receipt of the bill.
3. Within thirty (30) days from the date hereof, the father will account to the attorney for the minor children, in a writing acceptable to her, for all monies withdrawn from the UTMA accounts of the minor children from October 14, 1997 to and including the date hereof, including all monies expended on behalf of their private schooling and the retainer or other fees of the attorney for the minor children pursuant to order of court and at the same time replace said funds in the childrens' UTMA accounts together with interest from the date of the prior order to date of replacement; the legal fees incurred by the attorney for the minor children in connection with this accounting shall be paid by the father solely from his funds; and the court shall retain jurisdiction with regard to any issue or dispute which may arise in connection therewith.
4. The Motion to Modify the Parenting Access Plan (#198) is HEREBY DENIED.
5. Each party shall be liable for the their own legal fees and costs in connection herewith. CT Page 4498
THE COURT
 ___________________ SHAY, J.