[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court by virtue of the defendant husband's ("husband") Motion for Modification (#196) post judgment dated January, 2, 2002. He asserts five grounds for modification, to wit: 1) one child having reached her majority, 2) a reduction in income, 3) a change of residence of one child, 4) increased child care expenses, and 5) inability to utilize the marital property divided by decree due to the pending appeal. The marriage of the parties was dissolved by decree of this court on August 15, 2000 (Hiller, J.). At that time, the parties had four minor children ranging in age from ten to seventeen years old. The oldest has since reached her majority. An appeal from that decision was pending at the time the court heard the present motion (June 4-7, 2002) which has since been resolved with an affirmance of the trial court. There are currently pending before another judge the plaintiff wife's ("wife") Motions for Contempt (#197 and #208) dated January 18, 2002 and April 18, 2002 respectively. The husband moved to stay proceedings on the wife's motions, which was granted by the court (Harrigan, J.) pending a decision on this motion. The parties agreed that any orders would be retroactive to the date of service of the motion, however, the court file is incomplete and does not contain an officers's return with a specific date of service.
The husband has continued his employment as a NASDAQ trader with Credit Suisse First Boston, which began prior to the entry of the original decree. His base salary then and at the time of the hearing on his motion remains at $165,000 per annum. He has shown a modest increase in his dividend and interest income. However, the largest change has been in his annual discretionary bonus, which is paid in arrears for the previous year. At the time of the decree, the husband had received a bonus of $929,283. In 2002, he received a bonus of $546,341. He is subject to an unallocated alimony and support order in the amount of $40,000 per month for the first five years, with a reduced, fixed monthly payment of $20,000, together with a percentage override for the next five years, when his obligation terminates. In addition, he continues to receive CT Page 13860 considerable incentive compensation from his employer in the form of stock and options.
The wife asserts that this year the husband received a $72,000 federal income tax refund and an additional $55,000 refund from the State of New York, both for the previous tax year. The wife asks the court to take this into consideration in the modification; the husband asked that it not be, as it is attributable to the prior year. Since the mandate of the court is to consider the husband's current ability to pay a periodic alimony order, the court feels that to do so would unfairly skew the result, in the absence of credible evidence of the regular receipt of tax refunds in the past, which funds the parties had available to meet their living expenses, as is the case with the annual discretionary bonus. of more importance is the fact that the evidence before the court in the form of the husband's amended state and federal returns (Exhibit 6) clearly demonstrates that he, in fact, owed monies to both entities, and was not entitled to a refund.
The testimony of the husband, however, makes clear to the court, that he does not feel the necessity for fiscal restraint in spite of his reduction in income. He has spent lavishly on his fiancee in the form of, inter alia, a vacation to Nevis ($6,000), the payment of her student loans ($30,000), and an engagement ring ($35,000). She is also a signatory on his American Express card and a cosignatory on a lease in New Canaan.
The wife also continues to work part-time as an executive recruiter. Her draw was at the time of the decree and currently remains $50,000 per annum. Her monthly net take home is somewhat less now, but this is primarily attributable to her contributions to a 401K plan. She indicated that, at the time of the hearing, she had not yet met her draw. At present, she has the flexibility to do some work at home, which gives her the ability to give more attention to her duties as parent.
Both parties complained of the inability to use the property settlement due to the appeal. This issue should be moot, now that the Appellate Court has ruled.
The primary bone of contention revolves around the whether or not there has been a significant shift in the parenting responsibilities from the wife to the husband. Much of the testimony centered around the wife's battle with substance abuse, in particular, an incident resulting in her temporary hospitalization at Silver Hill. of necessity, the husband assumed the primary responsibilities for that short period, however, the court finds that this was only temporary. The court found the testimony CT Page 13861 of the wife to be more credible on this score. The wife testified sincerely and compellingly that she suffers from depression, which condition has been exacerbated by the continuing stress of the ongoing matrimonial action, both before and after the decree.
What the court did sense throughout the hearing was the lingering legacy of a failed marriage. Moreover, the court has come to the inescapable conclusion that the children have been drawn into the fearful maelstrom created by their parents, who, though unable or unwilling to effectively communicate with each other, continue their conflict through economically and emotionally manipulative behavior.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in §§ 46b-56, 46b-82, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That the date of the last unallocated alimony and child support order was August 15, 2000; and that therefore, any modification must be based upon a substantial change of circumstances since that date.Borkowski v. Borkowski, 228 Conn. 729, 735-38 (1994); Sanchione v.Sanchione, 173 Conn. 397, 408 (1977); Sardilli v. Sardilli,16 Conn. App. 114, 119 (1988).
2. That there has been a substantial change of circumstances since August 15, 2000, in that the husband's net income from employment has been significantly reduced, and one child has reached her majority.
3. That service of the post judgment Motion for Modification was made pursuant to General Statutes § 46b-86 (a) and § 52-50; that no credible evidence was introduced for the court to make a determination as to the exact date of service, although the court believes it to have been between January 9, 2002 and February 1, 2002; that the parties have agreed that any modification may be retroactive to the date of service; and that it is within the discretion of the court to grant a retroactive modification. Shedrick v. Shedrick, 32 Conn. App. 147, 151 (1993).
4. That some portion of the unallocated alimony order was attributable to child support. Kolkmeyer v. Kolkmeyer, 18 Conn. App. 336, 341 (1989),Matles v. Matles, 8 Conn. App. 76 (1986).
5. That the combined net weekly income of the parties is in excess of CT Page 13862 the maximum Child Support Guidelines amount; that presumptive basic child support is $684.00 per week; and that the Court finds that it is appropriate and equitable to apply the deviation criteria set forth in § 46b-215a-3 (b)(5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support.
 ORDER
The defendant's Motion for Modification (#196) is HEREBY GRANTED and IT IS HEREBY ORDERED that:
1. Commencing effective January 15, 2002, and monthly thereafter, the husband shall pay to the wife the sum of $31,000 as and for periodic unallocated alimony and child support, until the death of either party, the remarriage of the wife, or August 14, 2005, whichever shall sooner occur. Thereafter, alimony shall be paid in accordance with the decree of this court entered August 15, 2000, unless otherwise further modified by this court. In the event that the alimony shall terminate for whatever reason and any or all children are minors, commencing with the first day of the first month following such termination, and monthly thereafter, the husband shall pay to the wife a sum consistent with the then existing Child support Guidelines or as the court may otherwise direct, as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining children shall again be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to General Statutes § 46b-84 (b).
In the event that the husband has continued to pay the sum of $40,000 per month in accordance with the existing court order, or in the alternative, any sum in excess of $31,000 per month, he shall be entitled to a credit in the amount of such excess up to a maximum of $8,000 for each and every month he has so paid commencing January 15, 2002, through and including October 15, 2002. Said credit shall be applied by the husband, by subtracting the sum of $3,000 per month from his alimony and support obligation commencing November 15, 2002, until such time as the credit is fully used up. The court reserves jurisdiction with regard to any issue that may arise in calculating or applying the credit or the determination of an arrearage, if any.
Meaning and intending by this order that this modification shall cover CT Page 13863 the period from January 15, 2002, to and including August 14, 2005, all other provisions of the original decree remaining in full force and effect.
2. Each party shall be responsible for their respective attorneys fees and costs incurred in connection with this motion.
THE COURT
 ___________________ SHAY, J.
CT Page 13864