[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter comes to this court, after numerous continuances, by way of the husband's ("husband") Motion for Modification, post judgment (#142), dated October 19, 2001. The decree dissolving the marriage was entered on March 31, 1998. At the time of the decree, the parties had two minor children, to wit: Laura, born October 13, 1983, and Stephanie, born July 25, 1986. The court ordered the husband to pay $5,000.00 per month as and for periodic unallocated alimony and child support. The basis for the husband's motion is that there has been a substantial change of circumstances, in that the oldest.child reached her majority on October 13, 2001. He therefore seeks an order retroactive to that date. The plaintiff wife ("wife") opposes same, and, in fact, seeks an increase in the order, pointing toward her continued support of the college-age child Laura.
The evidence discloses that both parties are currently employed at the same jobs they were at the time of the dissolution, and that each earns a gross salary somewhat higher than at the previous hearing. The husband's net income from employment is substantially higher, and the wife's is somewhat lower, however, the court finds that this is likely attributable to the tax consequences flowing from the previous financial orders, including the property division. The husband continues to receive an annual discretionary bonus from his employer, and both parties have interest and dividend income. The husband has some health issues including a lamenectomy and an angioplasty in 1999. The wife described her health as "good," although she told the court that she would need to have an ovarian cyst removed. She is now an associate professor, having been promoted from an assistant professor.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-82, 46b-84, 46b-86, and 46b-215a of CT Page 14049 the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That at the time of the entry of the decree, the court ordered the defendant husband to pay the sum of $5,000.00 per month as and for unallocated alimony and child support; and that at that time there were two minor children, to wit: Laura, born October 13, 1983, and Stephanie, born July 25, 1886.
2. That some portion of the unallocated alimony order was attributable to child support. Kolkmeyer v. Kolkmeyer, 18 Conn. App. 336, 341 (1989);Sweeny v. Sweeny, 9 Conn. App. 498, (1987); Matles v. Matles,8 Conn. App. 76, 81 (1986).
3. That the child Laura reached her majority on October 13, 2001; and that there was no credible evidence introduced to the court indicating that the child was still in high school at that time.
4. That the date of the last unallocated alimony and child support order was August 15, 2000; and that therefore, any modification must be based upon a substantial change of circumstances since that date.Borkowski v. Borkowski, 228 Conn. 729, 741-43 (1994); Sanchione v.Sanchione, 173 Conn. 397, 408 (1977); Sardilli v. Sardilli,16 Conn. App. 114, 119 (1988).
5. That the evidence demonstrates that there has been a substantial change of circumstances since the date of the last order, to wit: one of the minor children has reached her majority.
6. That the power of the court to enter orders for child support beyond the age of 18 years is limited by the factors set forth in General Statutes § 46b-84 (b); that under the facts of this case, it is equitable and appropriate that the unallocated alimony and support order be modified; and that the modification be retroactive to October 13, 2001. Miller v. Miller, 181 Conn. 610, 613-14 (1980).
7. That the combined net weekly income of the parties is in excess of the maximum Child Support Guidelines amount; that presumptive basic child support is $383.00 per week; and that the Court finds that it is appropriate and equitable to apply the deviation criteria set forth in § 46b-215a-3 (b)(5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support.
 ORDER
CT Page 14050
The defendant's Motion for Modification (#142) dated October 19, 2001, is HEREBY GRANTED and it is HEREBY ORDERED that:
1. Commencing effective October 13, 2001, and monthly thereafter, the husband shall pay to the wife the sum of $4,000.00 as and for periodic unallocated alimony and child support, until the death of either party, the remarriage of the wife, or further order of court, whichever shall sooner occur. In the event that the alimony shall terminate for whatever reason and the remaining child is a minor, commencing with the first day of the first month following such termination, and monthly thereafter, the husband shall pay to the wife a sum consistent with the then existing Child support Guidelines or as the court may otherwise direct, as and for child support, until such time as the child shall reach the age of eighteen years, at which time child support for the remaining child shall cease. The foregoing notwithstanding, if the minor child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or her nineteenth birthday, whichever shall sooner occur, pursuant to General Statutes § 46b-84 (b).
In the event that the husband has continued to pay the sum of $5,000.00 per month pay in accordance with the existing court order or, in the alternative, any sum in excess of $4,000.00 per month, but less than $5,000.00 per month, he shall be entitled to a pro-rata credit for the month of October 2001 (19/31 x $1,000.00 = $612.90 maximum), and a full credit in the amount of such excess up to a maximum of $1,000.00 for each and every month he has so paid commencing November 1, 2001, through and including October 1, 2002. Said credit shall be taken by the husband, by subtracting the sum of $500.00 per month from his alimony and support obligation commencing November 1, 2002, until such time as the credit is fully used up. The court reserves jurisdiction with regard to any issue that may arise in calculating or applying the credit.
2. Each party shall be liable for their attorney's fees and costs incurred in connection with this motion.
3. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony order.
THE COURT
___________________ SHAY, J. CT Page 14051