[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved, following hearing, by decree of this court dated October 10, 1997. The Memorandum of Decision of even date therewith entered certain financial orders. Subsequent thereto, following a hearing, the court found a substantial change of circumstances, and granted the defendant husband's ("husband") motion for modification. In a Memorandum of Decision dated August 14, 2001, the court, in brief, found the following relevant facts: (1) the husband was employed as a full-time professor with a net weekly income of $1,098.62, (2) the plaintiff wife ("wife") was employed as a teacher with a monthly income of $1,958.46 together with a modest stipend for extra duties, for a total of approximately $26,000 per year, and (3) the husband was the beneficiary of a trust set up by his late parents, the value of which was only estimated, and that the court did not "include an evaluation of future income attributable to the inheritance." The court, having found a substantial change of circumstances, in that the wife had become gainfully employed and the husband's income had decreased, reduced the husband's alimony obligation to $1,750.00 per month, determined the arrearage to be $7,000.00, and ordered it paid back at the rate of $750.00 per month. On March 28, 2002, the wife moved for a modification by means of an Application to Show Cause (#142.10), service of which was made on the husband on April 15, 2002, which motion claimed a substantial change of circumstances since the date of the previous order to the effect that the husband had "received an interest in a substantial trust following the death of his mother." Later, on September 13, 2002, the wife filed a Request for Leave to Amend (#144.11), adding the claim that as of May 22, 2002, she had lost her job and was unable to find full-time employment despite diligent efforts.
The court heard the parties on October 28, 2002. The testimony and evidence disclosed that the husband's net earnings from employment have increased by approximately $100.00 per week. In addition, he testified that the trust funds amounting to about $450,000 were finally distributed to him, and that he used them to purchase a condominium in Rego Park, New CT Page 370 York and apartment in Hong Kong, where he spends a considerable amount of time every year. He has some investments and savings which yield less than $1,000.00 per year. He also used a portion of the trust funds to reduce his outstanding indebtedness. According to his financial affidavit, his weekly expenses are lower and his assets have decreased as compared with the time of the prior order. Comparing the wife's financial affidavits, it is apparent that her overall assets have increased, while her monthly expenses have decreased. Her outstanding debt has increased largely due to what she describes as a $15,000 loan from her mother. However, during her testimony, she admitted that her mother never asked her for a note until after the filing of the present motion. She testified that she has some prospect of part-time work, and that she now has a certificate to teach in the Connecticut public schools.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in General Statutes §§ 46b-82 and 46b-86, hereby makes the following findings:
1. That the date of the last alimony order was August 14, 2001; and that therefore, any modification must be based upon a substantial change of circumstances since that date. Borkowski v. Borkowski, 228 Conn. 729,741-43 (1994); Sanchione v. Sanchione, 173 Conn. 397, 408 (1977),Sardilli v. Sardilli, 16 Conn. App. 114, 119 (1988).
2. That there has been a substantial change of circumstances since the date of the last order, in that the wife has lost her employment, and that the husband's net income from employment has increased.
3. That the wife has a demonstrated earning capacity for full and/or part-time employment; and that it is equitable and appropriate to consider her earning capacity in making its orders regarding alimony. Hart v.Hart, 19 Conn. App. 91, 94-95 (1989).
4. That the husband was entitled to receive his interest in the trust created by his parents prior to the date of the last hearing, but, in fact had not received a distribution despite his requests; that at that time, the court made a specific finding thereof, but indicated that while the trust had a value the court was not in a position to evaluate with certainty the "future income" that the husband would derive from the trust; and that, therefore, receipt of an interest in the trust by the husband does not constitute a substantial change of circumstances for purposes of the matter before the court. CT Page 371
5. That where retroactivity is sought pursuant to General Statutes § 46-86 (a), motions for modification of alimony must be served in accordance with General Statutes § 52-50; that the purpose of that provision is to accord due process to the other party. Shedrick v.Shedrick, 32 Conn. App. 147, 151-52 (1993).
6. That the amended motion was not served in accordance with the General Statues § 52-50; that an order in connection therewith is not retroactive; and that it is equitable and appropriate that any modification shall be effective as of the date set forth herein.
 ORDER
For the foregoing reasons, the plaintiff's Amended Motion for Modification (#144.11) dated September 13, 2002, is HEREBY GRANTED, and IT IS HEREBY ORDERED THAT:
1. Commencing February 1, 2003, the alimony obligation of the defendant shall be increased to $2,250.00 per month. The plaintiff shall be entitled to earn up to and including $7,500.00 gross per annum from full or part-time employment before the defendant shall have the right to move for modification on the basis of an increase in the plaintiff's earned income alone.
2. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony order.
3. In all other respects, the remaining provisions of the Judgment dated October 10, 1997, as amended by Order of this court dated August 14, 2001, shall remain in full force and effect in accordance therewith.
THE COURT
 ___________________ SHAY, J.
CT Page 372